IfYOHS J.
delivered the opinion of the court.
A parol agreement reduced to writing, does not in any manner change the nature of the contract; the writing is merely evidence of the parol agreement, and being the best evidence, ought to be produced, though not specially declared upon. We can discern no difference betw'een this case, and that cited from 2 Str. 719, where in an action for money lent, a promissory note was allowed to be given in evidence, to prove the charge laid in the declaration.
The variance between the declaration and the agreement, in the former, omitting the addition of treasurer, is not material; and if it were, the defendant might have taken advantage of it, as well in the present mode of declaring, as if the written agreement had been specially set forth. It was as unimportant to name the appellant, treasurer, in the declaration, as it would have been, to give the appellee the title of colonel, because he was stiled so in the agreement. We cannot presume, that any circumstance existed, to do away the responsibility of the appellant, because none are proved, nor even pretended. The person with whom he contracts, cannot be presumed to give a credit to the members of a club, perhaps numerous, and dispersed through different parts of the country. The agreement is made with the appellant, and he binds himself personally to perform it. He is liable therefore, whether he receives the money subscribed by the individual members of the Club, (as in the case of Cullen v. the Duke of Queensberry, cited at the bar) or not. This is not like the case of merchants and partners, because, in contracts made by them, they are all jointly and severally bound for the whole.
In this, each subscriber is liable only for his proportion, and therefore an individual, contracting with the treasurer, knows nothing of the state or value of the fund, which the treasurer does; consequently, he cannot be supposed to go upon its credit.
Judgment affirmed.